UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN ASHLEY HALE                                                                                    PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:08CV1385-LG-RHW

HARRISON COUNTY BOARD OF SUPERVISORS et al                            DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the undersigned on Defendant Anthony Brown's [76] Motion to Dismiss Plaintiff's State Law Claims. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint alleging denial of access to courts, retaliation, excessive force, wrongful arrest, and violation of his First Amendment rights. At a hearing in open court and while under oath, Plaintiff indicated that he wished to dismiss voluntarily all claims except for a claim of excessive force against Defendant Brown and a claim against the Harrison County Board of Supervisors for maintaining a policy or custom of using excessive force against inmates at the Harrison County Adult Detention Center (HCADC). By [72] Order dated May 24, 2010, the Court adopted the [68] Report and Recommendation of the undersigned dismissing all claims except for Plaintiff's claim of excessive force against Defendant Brown and the policy or custom claim against Defendant Harrison County Board of Supervisors. Subsequent to this Order, Defendant filed the instant motion requesting dismissal of any remaining state law claims.

In the motion to dismiss, Defendant argues that Plaintiff's complaint should be dismissed for insufficiency of service of process. However, Defendant represents that he seeks only the dismissal of Plaintiff's potential state law claims at this time and waives the service of process argument with respect to the § 1983 excessive force claim. In support of his motion, Defendant argues that he was not served with process within 120 days of the filing of the complaint and that

Miss. Code Ann. § 11-46-11(3) would now bar all of Plaintiff's state law claims by operation of the one-year statute of limitations.

Rule 4 of the Federal Rules of Civil Procedure address service of process and the time period in which to serve process. Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Hence, Rule 4(m) permits the court to dismiss a complaint if plaintiff fails to serve the defendant within 120 days of filing the complaint. *Millan v. USAA Gen'l Indemnity Co.*, 546 F.3d 321, 325 (5th Cir. 2008). If plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. *Id.* Even if plaintiff lacks good cause, the court has discretion to extend the time for service. *Id.* For example, discretionary extension may be warranted if the applicable statute of limitations would bar the refiled action. *Id.*; *see also* Fed. R. Civ. P. 4(m) advisory committee's note (1993).

The Fifth Circuit has held that in situations where the applicable statue of limitations bars future litigation, the standard of review should be the same as used when reviewing a dismissal with prejudice. *Millan*, 546 F.3d at 326. Dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Id.* (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1986)). In affirming dismissals with prejudice, the Fifth Circuit has generally found at least one of three aggravating factors: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by

intentional conduct.  *Id.*

Plaintiff filed the complaint on November 6, 2008, for an incident that is alleged to have occurred on August 14, 2008.  On December 10, 2008, the Court granted Plaintiff's motion to proceed *in forma pauperis*.  Summons was issued as to the named Defendants, including Defendant "Officer Brown, Badge #173", on March 12, 2009.  The summons issued to Defendant "Officer Brown" was returned unexecuted on March 17, 2009, with the notation "no longer employed at location."  However, in an [18] Answer filed on April 6, 2009, by Defendants Melvin T. Brisolara, Donald A. Cabana, and Erwin Gillman, they identified "Officer Brown, Badge #173" as "Sgt. Anthony Brown, current badge #223, and he may be served with process at 10451 Larkin Smith Drive, Gulfport, MS."  Despite possessing this information, Plaintiff did not seek re-issuance of summons as to Defendant Brown.

The Court scheduled and conducted a screening hearing on May 13, 2009.  Plaintiff failed to appear, which resulted in the undersigned entering a [23] Report and Recommendation that his case be dismissed for failure to prosecute.  Plaintiff promptly objected to the dismissal and indicated that he missed the screening hearing because he mistakenly believed it to be scheduled for May 18, 2009.  The undersigned then withdrew the [23] Report and Recommendation and re-scheduled the screening hearing for June 2, 2009, which later was re-scheduled for July 22, 2009.  In the meantime, on June 15, 2009, attorney Joseph P. Gautier made an entry of appearance on behalf of Plaintiff.  Gautier continued to represent Plaintiff from June 15, 2009, until April 22, 2010, when the Court granted Gautier's [59] Motion to Withdraw as Attorney.  Due to the appearance of counsel in the case, the Court cancelled the screening hearing scheduled for July 22, 2009.

Upon Gautier's withdrawal from the case, the undersigned scheduled and conducted a screening hearing on May 6, 2010.  At this hearing, Plaintiff announced his intention to proceed only on the excessive force claim against Defendant Brown and against the municipal Defendant for maintaining a policy or custom of excessive force against inmates at the HCADC.  Following the screening hearing, the Court ordered that summons be issued to Defendant Brown.  Summons was returned executed on May 17, 2010 and Brown filed his answer on June 7, 2010.

For purposes of determining the timeliness of service, the undersigned begins with the date of December 10, 2008, when Plaintiff's *in forma pauperis* motion was granted.  Hence, Plaintiff needed to serve process on or before approximately April 10, 2009, in order to comply with Rule 4(m).  Although Plaintiff has not filed a response to the motion to dismiss, nor has he identified good cause for extending the deadline, the Court's discretion is nevertheless limited by the fact that dismissal of Plaintiff's state law claims would effectively bar them by operation of the statute of limitations.  *See Millan*, 546 F.3d at 326.  Moreover, much of Plaintiff's failure to seek an extension rests with his attorney, who represented Plaintiff for a period of approximately 10 months.  The undersigned does not perceive any prejudice to Defendant in allowing the state law claims to proceed.  To the extent that any state law claims have been alleged by Plaintiff's complaint, they arise out of the same core of operative facts as the excessive force claim; namely, Defendant Brown's alleged assault on Plaintiff.  Moreover, the undersigned does not attribute any intentional conduct on Plaintiff's part for the delay in service of process.  The scheduling and re-scheduling of hearings on Plaintiff's lawsuit resulted either from Plaintiff's negligence (mistakenly appearing on the wrong date) or from the inaction of Plaintiff's counsel during his 10-month representation of Plaintiff.  In considering these factors, the undersigned

concludes that the motion to dismiss should be denied.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends denying Defendant's [76] Motion to Dismiss Plaintiff's State Law Claims.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 27th day of October, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE